IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROOSEVELT M. WILLIAMS,

                Plaintiff,

v.                                                    OPINION & ORDER

TRISH ANDERSON, SHANE ZAHRTE,              17-cv-304-jdp
and LUCAS WOGERNESE,

                Defendants.

---

      Pro se plaintiff Roosevelt M. Williams, a prisoner at the Columbia Correctional Institution, has filed a civil complaint under 42 U.S.C. § 1983, alleging that defendant prison officials canceled a prescription for ice used to treat his gout. Williams has made an initial partial payment of the filing fee as previously directed by the court.

      The next step is to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief can be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 & 1915A. When screening a pro se litigant's complaint, the court construes the allegations liberally and in the plaintiff's favor. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010).

      After reviewing the complaint with these principles in mind, I conclude that Williams may proceed on Eighth Amendment claims against defendants, but I will not consider the state law causes of action discussed in his complaint unless he shows that he has complied with Wisconsin's notice-of-claim statute.

ALLEGATIONS OF FACT

Plaintiff Roosevelt Williams is a prisoner at the Columbia Correctional Institution. He suffers from gout, which causes him severe pain in his joints. A doctor had prescribed him to be provided with ice bags four times daily and as needed.

On June 17, 2016, defendant Correctional Officer Shane Zahrte saw Williams getting two bags of ice. Zahrte somehow induced defendants Nurse Trish Anderson and supervising officer Lucas Wogernese to terminate Williams's access to ice. Non-defendant correctional officer Benninger told Williams that defendants terminated his ice treatment.

ANALYSIS

I take Williams to be bringing claims under a few different theories. First, he states that defendants violated his Eighth Amendment rights by canceling his prescribed ice treatment. The Eighth Amendment prohibits prison officials from acting with deliberate indifference to prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584-85 (7th Cir. 2006). A medical need may be serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371-73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

At this point I will assume that Williams's gout is a serious medical need. The withholding of his ice treatment could qualify as deliberate indifference, because it is reasonable

to assume that none of these defendants had the authority to countermand the doctor who prescribed the treatment. *See Zentmyer v. Kendall Cty., Ill.*, 220 F.3d 805, 812 (7th Cir. 2000) ("If a defendant consciously chose to disregard a nurse or doctor's directions in the face of medical risks, then he may well have exhibited the necessary deliberate indifference."). Williams does not detail exactly what each defendant did to withhold the treatment, but he says that the three of them together terminated his treatment. At this point he has said enough to state deliberate indifference claims against each defendant.

I take Williams to be attempting to bring additional state law causes of action for negligence and negligent or intentional infliction of emotional distress. I will hold off on screening those claims because Williams does not explain whether he has complied with Wisconsin's notice-of-claim statute, Wis. Stat. § 893.82, by notifying the attorney general about his state law claims. This notice is required before a plaintiff can sue defendants under these state law theories. Section 893.82(3) states:

> Except as provided in sub. (5m), no civil action or civil proceeding may be brought against any state officer, employee or agent for or on account of any act growing out of or committed in the course of the discharge of the officer's, employee's or agent's duties ... unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or death and the names of persons involved, including the name of the state officer, employee or agent involved.

Williams does not address the notice-of-claim requirement in his complaint, so I cannot allow him to proceed on his state law claims at this point. I will give him a short time to submit a supplement to his complaint explaining whether he has complied with the notice-of-claim

3

statute. If Williams does not respond or his response is inadequate, the case will proceed with only his federal law claims.

ORDER

IT IS ORDERED that:

1. Plaintiff Roosevelt M. Williams is GRANTED leave to proceed on Eighth Amendment claims against defendants Shane Zahrte, Trish Anderson, and Lucas Wogernese.

2. A determination on plaintiff's state law claims is STAYED pending plaintiff showing the court that he has complied with Wis. Stat. § 893.82. Plaintiff may have until August 21, 2017 to inform the court whether he has complied with this statute. If plaintiff does not respond by this deadline, I will dismiss his state law claims.

3. Service of the complaint is STAYED pending resolution of the notice-of-claim issue.

Entered August 1, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge